IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) THOMAS L. STUESSY | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| 1) MIDLAND MORTGAGE a division of | ) |
| MIDFIRST BANK | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Thomas L. Stuessy ("Plaintiff"), on behalf of himself by and through

files this Complaint against Defendant, MIDLAND MORTGAGE a division of MIDFIRST

BANK ("MIDLAND"). Plaintiff alleges and states as follows:

PRELIMINARY STATEMENT

1. As the entities that perform the day-to-day management of loans on behalf of lenders

and investors, "servicers can have a direct and profound impact on borrowers."

See Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X),

78 Fed. Reg. 10696, 10699 (Feb. 14, 2013) (codified at 12 C.F.R. pt 1024) [hereinafter

2013 Regulation X Amendment]. One of the ways mortgage servicers can have a profound and

adverse impact on borrowers is through the furnishing of inaccurate information concerning

borrowers. As explained by the Federal Trade Commission: "[t]he loan servicing process

depends on accuracy at all stages. Inaccurate servicing practices can throw homeowners into a spin cycle with far-reaching consequences ….. that can haunt them for years." Lesley Fair, *Will a $63 million FTC CFPB settlement encourage Green Tree to turn over a new leaf?*, FTC (Apr 21, 2015), https://www.ftc.gov/newsevents/blogs/business blog/2015/04/will 63 million FTC, CFPB settlement encourage green tree?

2. The financial crisis of 2007-2008 exposed pervasive consumer protection problems in the mortgage servicing industry. *See* 2013 Regulation X Amendments, supra at 10700. For example, the Government Accountability Office "found pervasive problems in broad segments of the mortgage servicing industry impacting delinquent borrowers, such as servicers who have misled, or failed to communicate with, borrowers, lost or mishandled borrower-provided documents supporting loan modification requests, and generally provided inadequate service to delinquent borrowers." *Id*.

3. As a part of its response to the 2007-2008 financial crisis, Congress established the Bureau of Consumer Financial Protection(the "Bureau") and granted it with broad rule making, enforcement, and supervisory powers related to Federal consumer financial law, including over the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617 and the Fair Credit Reporting Act ("FCRA")[1], 15 U.S.C. §§ 1681-1681x.2 12 U.S.C.§§ 5481-5603, Truth In Lending Act ("TILA") 15 U.S.C. §§ 1638a -1640.

—————————————

[1] *See* generally Margaret R.T. Dewar, *Regulation X: A New Direction for the Regulation of Mortgage Servicers,* 63 Emory L.J. 175, 177-80(2013)(providing background on the establishment of the Bureau and the consumer protection problems exposed by the 2007-2008 financial crisis).

RESPA, FCRA and TILA provide protections to borrowers that are designed to protect the furnishing of derogatory, erroneous information by their mortgage servicers. Dodd-Frank, Pub. L. No.111-203, 124 Stat 1376(2010).

## **RESPA AND TILA VIOLATIONS**

4. That MIDLAND MORTGAGE was a servicer and wholly failed to Provide Transfer of Servicing Statement at time it became servicer. West Star Financial Corporation had the original STUESSY note and mortgage they assigned it to Matrix Financial Services Corporation, Matrix Financial Services Corporation assigned it to Atlantic Duty Mortgage and Investment Corporation assigned it to MidFirst Bank to which MIDLAND MORTGAGE began as servicer. MIDLAND MORTGAGE had a Duty to Provide Transfer of Servicing Statement and 60-day Payment Safe Harbor pursuant to 12 U.S.C. § 2605(b)-(d) Reg. X, Subpart C 12 C.F.R.  § 1024.33(b) and (c) 12 U.S.C. § 2605(f).

5. That MIDFIRST BANK has shown a pattern and practice of non-compliance with RESPA *see Bulmer v. Midfirst Bank*, 59 F. Supp. 3d 271, 278 (D. Mass. 2014) , *Johnson v. MidFirst Bank*., Case No: 5:14 CV 466, United States District Court for the Northern District of Ohio (Eastern Division) 2014, *MidFirst Bank v. Riley* No. 13 CH 16791 (Il App. 2013), MidFirst Bank v. Graham, 2006 WL 1647405 (N.D.Ill Eastern District 2006), *In Re: Detchon*,CASE NUMBER 11-40172, UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF OHIO (2011), *MidFirst Bank v. Biller*, No. 13-10-13, 2010 WL 5060629 (Ohio App. 2010), *Hall v.*

*MIDLAND GROUP AND MIDFIRST BANK a/k/a MIDLAND MORTGAGE COMPANY* NO. 99-3108 (IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA 1999). Force-Placed Insurance Suit Against Citibank, MidFirst Proceeds, https://dsnews.com/news/government/01-04-2013/force-placed-insurance-suit-against-citibank-midfirst-allowed-to-proceed-2013-01-04, *In Re: Blackmarr*, CASE No. 13-10872 IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION (2015).

6. That a private cause of action is authorized for failure to Provide Transfer of Servicing Statement and 60-day Payment Safe Harbor pursuant to 12 U.S.C. § 2605(b)-(d) Reg. X, Subpart C 12 C.F.R.  § 1024.33(b) and (c) 12 U.S.C. § 2605(f) pursuant to 12 U.S.C.§ 2614.

7. That the PLAINTIFF seeks actual damages, costs and attorney's fees; plus $2,000 per violation and any other relief this COURT deems necessary and proper.

8. That on January 23, 2018 the PLAINTIFF STUESSY sent MIDLAND MORTGAGE a Qualified Written Request ("QWR") certified mail, a copy of the QWR and proof of delivery of certified mail is attached hereto and made apart hereof as Exhibit "A".

9. That MIDLAND MORTGAGE a division of MIDFIRST BANK wholly failed to reply to this QWR.

10. That MIDLAND MORTGAGE a division of MIDFIRST BANK had a Duty to Respond to Notice of Error and Request for Information pursuant to 12 U.S.C. § 2605(e) Reg. X, Subpart C 12 C.F.R. §§  1024.35 and 1024.36 12 U.S.C. § 2605(f).

11.  That MIDFIRST BANK has shown a pattern and practice of non-compliance with RESPA *see Bulmer v. Midfirst Bank*, 59 F. Supp. 3d 271, 278 (D. Mass. 2014) , *Johnson v. MidFirst Bank*., Case No: 5:14 CV 466, United States District Court for the Northern District of Ohio (Eastern Division) 2014, *MidFirst Bank v. Riley* No. 13 CH 16791 (Il App. 2013), *MidFirst Bank v. Graham,* 2006 WL 1647405 (N.D.Ill Eastern District 2006), *In Re: Detchon*, CASE NUMBER 11-40172, UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF OHIO (2011),  *MidFirst Bank v. Biller*, No. 13-10-13, 2010 WL 5060629 (Ohio App. 2010),  *Hall v. MIDLAND GROUP AND MIDFIRST BANK a/k/a MIDLAND MORTGAGE COMPANY* NO. 99-3108 (IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA 1999). *Force-Placed Insurance Suit Against Citibank, MidFirst Proceeds,* https://dsnews.com/news/government/01-04-2013/force-placed-insurance-suit-against-citibank-midfirst-allowed-to-proceed-2013-01-04, *In Re: Blackmarr*, CASE No. 13-10872 IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION (2015).

12. That a private cause of action is authorized for failure to Respond to Notice of Error and Request for Information pursuant to 12 U.S.C. § 2605(e) Reg. X, Subpart C 12 C.F.R. §§ 1024.35 and 1024.36 12 U.S.C. § 2605(f) pursuant to 12 U.S.C. § 2614

13. That the PLAINTIFF STUESSY is entitled to actual damages, costs and attorney's fees; plus $2,000 per violation.

14. That the January 23, 2018 QWR contained a Request for Identity of Mortgage Owner.

15. That MIDLAND MORTGAGE has a Duty to Respond to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f).

16. That MIDLAND MORTGAGE a division of MIDFIRST BANK wholly failed to respond to the Plaintiff STUESSY'S Request for Identity of Mortgage Owner.

17. That STUESSY was damaged as a result of MIDLAND MORTGAGE'S refusal to reply to his Request for Identity of Mortgage Owner.

18. That MIDLAND MORTGAGE AND MIDFIRST BANK'S pattern and practice of non-compliance with RESPA is set forth above.

19. That a private cause of action is authorized for failure to Respond to Request for Identity of Mortgage Owner pursuant to 12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f) pursuant to 12 U.S.C. § 2614.

20.  That STUESSY is entitled to actual damages, costs and attorney's fees; plus $2,000 per violation.

21. That MIDLAND MORTGAGE has a duty to disclose Early Intervention Requirements pursuant to Reg. X, Subpart C 12 C.F.R. § 1024.39 12 U.S.C. § 2605(f).

22. That MIDLAND MORTGAGE wholly failed to disclose the Early Intervention Requirements as required by to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f).

23. That STUESSY was damaged as a result of MIDLAND MORTGAGE'S refusal to reply to his Request for Identity of Mortgage Owner.

24. That MIDLAND MORTGAGE AND MIDFIRST BANK'S pattern and practice of non-compliance with RESPA is set forth above.

25. That a private cause of action is authorized for failure to disclose the Early Intervention Requirements as required by to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f) pursuant to U.S.C. § 2614.

26. That STUESSY is entitled to actual damages, costs and attorney's fees; plus $2,000 per violation pursuant to 12 U.S.C. § 2614.

27. That the January 23, 2018 QWR contained a Request for a Timely Payoff Statement.

28. That MIDLAND MORTGAGE and MIDFIRST BANK wholly failed to respond to the request for or provide a Timely Payoff Statement.

29. That MIDLAND MORTGAGE and MIDFIRST BANK had a Duty to Provide Timely Payoff Statement 15 U.S.C. § 1639g Reg. Z, 12 C.F.R. § 1026.36(c)(3) 15 U.S.C. § 1640(a).

30.  That STUESSY was damaged as a result of MIDLAND MORTGAGE  and MIDFIRST BANK'S failure to provide a Timely Payoff Statement as required by RESPA and TILA to remedy the unlawful acts of MIDFIRST.

31. That pursuant to TILA 15 U.S.C. § 1640(e) STUESSY is entitled to Rescission and is able to perform and repay the note and rescind the Mortgage and Note thereunder. actual damages, plus twice the finance charge, costs and attorney's fees

32. Plaintiff STUESSY seeks actual damages, plus twice finance charge, costs, attorney's fees and any other relief this COURT deems necessary and proper.

JURISDICTION AND VENUE

33. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 12 U.S.C. § 2605(f), and 15 U.S.C. § 168l(p).

34. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

35. Plaintiff is a natural person residing in this District.

36. MIDLAND MORTGAGE a division of MIDFIRST BANK  is  a federally chartered savings association. MidFirst headquarters and principal place of business are located in Oklahoma City, Oklahoma and is authorized to do business in the State of Oklahoma, conducts business throughout Oklahoma, including in Tulsa County, Oklahoma. At  all  times relevant,  MIDLAND was  a mortgage  loan  servicing  company  governed  by  RESPA, TILA  and  a furnisher governed by the FCRA.

## FACTS
## Legal Background

37. "RESPA" is a remedial consumer protection statute and imposes obligations upon servicers of federally related mortgage loans. 2013 Regulation X Amendments, supra at 10709.

38. "Specifically, with respect to mortgage servicing, the consumer protection purposes of RESPA  include  responding  to  borrower  requests  and complaints  in  a  timely  manner, maintaining  and  providing  accurate  information,  helping  borrowers  avoid  unwarranted  or unnecessary costs and fees, and facilitating review for foreclosure avoidance options." Id.

39. Consistent  with  these  purposes,  RESPA  sets  forth  certain  procedures  and

requirements mortgage services must follow in responding to borrower inquiries, including

where a borrower disputes the accuracy of their payment histories. See 12 U.S.C. § 2605(e).

40.  That on November 1, 1993 the Plaintiff STUESSY entered into a mortgage and promissory

note with West Star Financial Corporation Corporation. West Star Financial Corporation

assigned the mortgage and note to Matrix Financial Services Corporation, Matrix Financial

Services Corporation assigned it to Atlantic Duty Mortgage and Investment Corporation assigned

it to MidFirst Bank to which MIDLAND MORTGAGE began as servicer and remained servicer

during all relevant times.

41.  The Mortgage and Note were filed in the TULSA COUNTY LAND RECORDS on January

31, 1994.

42.  The promissory note and mortgage, mortgaged the real estate described below.

> LOT EIGHT (8), BLOCK FOUR (4), WOODLAND GLEN FOURTH,
> AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY,
> STATE OF OKLAHOMA, ACCORDING TO THE RECORDED
> PLAT NO. 4221.
> a/k/a 9413 E. 92nd E. Ave Tulsa, Oklahoma.

43.  That MIDFIRST BANK filed a release of mortgage on July 10, 2014.

44.  That MIDFIRST BANK then filed a CAVEAT on October 14, 2014 claiming the release was

filed in error.

FIRST CAUSE OF ACTION RESPA

COMES NOW the PLAINTIFF STUESSY and for his First Cause of action for RESPA VIOLATIONS pursuant to 12 U.S.C. § 2605(b)-(d) Reg. X, Subpart C 12 C.F.R.  § 1024.33(b) and (c) 12 U.S.C. § 2605(f) and 12 U.S.C. § 2614 alleges and states as follows.

45.  That the PLAINTIFF STUESSY adopts and reincorporates the allegations set forth in paragraphs one through forty-four herein.

46.  That MIDLAND MORTGAGE was a servicer during all relevant times and wholly failed to Provide Transfer of Servicing Statement at time it initially became the servicer to STUESSY. West Star Financial Corporation had the original note and mortgage they assigned it to Matrix Financial Services Corporation, Matrix Financial Services Corporation assigned it to Atlantic Duty Mortgage and Investment Corporation assigned it to MidFirst Bank to which MIDLAND MORTGAGE began as servicer. MIDLAND MORTGAGE had a Duty to Provide Transfer of Servicing Statement and 60-day Payment Safe Harbor pursuant to 12 U.S.C. § 2605(b)-(d) Reg. X, Subpart C 12 C.F.R.  § 1024.33(b) and (c) 12 U.S.C. § 2605(f).

47.  That MIDFIRST BANK has shown a pattern and practice of non-compliance with RESPA.

48. That a private cause of action is authorized for failure to Provide Transfer of Servicing Statement and 60-day Payment Safe Harbor pursuant to 12 U.S.C. § 2605(b)-(d) Reg. X, Subpart C 12 C.F.R.  § 1024.33(b) and (c) 12 U.S.C. § 2605(f) pursuant to 12 U.S.C.§ 2614.

WHEREFORE,  the PLAINTIFF STUESSY seeks actual damages, costs and attorney's fees; plus $2,000 per violation and any other relief this COURT deems necessary and proper.

<u>SECOND CAUSE OF ACTION RESPA</u>

COMES NOW, the PLAINTIFF STUESSY and for his Second Cause of Action for RESPA VIOLATIONS pursuant to 12 U.S.C. § 2605(e) Reg. X, Subpart C 12 C.F.R. §§  1024.35 and 1024.36 12 U.S.C. § 2605(f).

49.  The PLAINTIFF STUESSY adopts and reincorporates the allegations set forth in paragraphs one through forty-eight herein.

50.  That on January 23, 2018 the PLAINTIFF STUESSY sent MIDLAND MORTGAGE a Qualified Written Request ("QWR") certified mail, a copy of the QWR and proof of delivery of certified mail is attached hereto and made apart hereof as Exhibit "A".

51.  That MIDLAND MORTGAGE a division of MIDFIRST BANK wholly failed to reply to this QWR.

52.  That MIDLAND MORTGAGE a division of MIDFIRST BANK had a Duty to Respond to Notice of Error and Request for Information pursuant to 12 U.S.C. § 2605(e) Reg. X, Subpart C 12 C.F.R. §§  1024.35 and 1024.36 12 U.S.C. § 2605(f).

53.  That MIDFIRST BANK has shown a pattern and practice of non-compliance with RESPA *see Bulmer v. Midfirst Bank*, 59 F. Supp. 3d 271, 278 (D. Mass. 2014) , *Johnson v. MidFirst Bank*., Case No: 5:14 CV 466, United States District Court for the Northern District of Ohio (Eastern Division) 2014, *MidFirst Bank v. Riley* No. 13 CH 16791 (Il App. 2013), *MidFirst Bank v. Graham*, 2006 WL 1647405 (N.D.Ill Eastern District 2006), *In Re: Detchon*,CASE NUMBER 11-40172, UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF OHIO (2011), *MidFirst Bank v. Biller*, No. 13-10-13, 2010 WL 5060629 (Ohio App. 2010), *Hall v. MIDLAND GROUP AND MIDFIRST BANK a/k/a MIDLAND MORTGAGE COMPANY* NO. 99-3108 (IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA 1999). Force-Placed Insurance Suit Against Citibank, MidFirst Proceeds, https://dsnews.com/news/government/01-04-2013/force-placed-insurance-suit-against-citibank-midfirst-allowed-to-proceed-2013-01-04, IN Re: Blackmarr, CASE No. 13-10872 IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION (2015).

54.  That a private cause of action is authorized for failure to Respond to Notice of Error and Request for Information pursuant to 12 U.S.C. § 2605(e) Reg. X, Subpart C 12 C.F.R. §§ 1024.35 and 1024.36 12 U.S.C. § 2605(f) pursuant to 12 U.S.C. § 2614.

WHEREFORE,  the PLAINTIFF STUESSY respectfully requests actual damages, costs and attorney's fees; plus $2,000 per violation and any other relief this COURT deems necessary and proper.

THIRD CAUSE OF ACTION RESPA

COMES NOW, the PLAINTIFF STUESSY and for his third cause of action for RESPA VIOLATIONS pursuant to 12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f) and 12 U.S.C. § 2614.

55.  The PLAINTIFF STUESSY adopts and reincorporates the allegations set forth in paragraphs one through fifty-four herein.

56.   That the January 23, 2018 QWR contained a Request for Identity of Mortgage Owner.

57.  That MIDLAND MORTGAGE has a Duty to Respond to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f).

58. That MIDLAND MORTGAGE a division of MIDFIRST BANK wholly failed to respond to the Plaintiff STUESSY'S Request for Identity of Mortgage Owner.

59. That STUESSY was damaged as a result of MIDLAND MORTGAGE'S refusal to reply to his Request for Identity of Mortgage Owner.

60. That MIDLAND MORTGAGE AND MIDFIRST BANK'S pattern and practice of non-compliance with RESPA is set forth above.

61. That a private cause of action is authorized for failure to Respond to Request for Identity of Mortgage Owner pursuant to 12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f) pursuant to 12 U.S.C. § 2614.

WHEREFORE,  the PLAINTIFF STUESSY respectfully requests actual damages, costs and attorney's fees; plus $2,000 per violation and any other relief this COURT deems necessary and proper.

## FOURTH CAUSE OF ACTION RESPA

COMES NOW, the PLAINTIFF STUESSY and for his fourth cause of action for RESPA VIOLATIONS pursuant to Reg. X, Subpart C 12 C.F.R. § 1024.39 12 U.S.C. § 2605(f) allege and state as follows:

62. The PLAINTIFF STUESSY adopts and reincorporates the allegations set forth in paragraphs one through sixty-one herein.

63.  That MIDLAND MORTGAGE has a duty to disclose Early Intervention Requirements pursuant to Reg. X, Subpart C 12 C.F.R. § 1024.39 12 U.S.C. § 2605(f) and to U.S.C. § 2614.

64. That MIDLAND MORTGAGE wholly failed to disclose the Early Intervention Requirements as required by to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f).

65. That STUESSY was damaged as a result of MIDLAND MORTGAGE'S refusal to reply to his Request for Identity of Mortgage Owner.

66. That MIDLAND MORTGAGE AND MIDFIRST BANK'S pattern and practice of non-compliance with RESPA is set forth above.

67. That a private cause of action is authorized for failure to disclose the Early Intervention Requirements as required by to Request for Identity of Mortgage Owner pursuant to12 U.S.C. § 2605(k)(1)(D) Reg. X, Subpart C 12 C.F.R. § 1024.36(d) 12 U.S.C. § 2605(f) pursuant to U.S.C. § 2614.

WHEREFORE, the PLAINTIFF STUESSY is entitled to actual damages, costs and attorney's fees; plus $2,000 per violation pursuant to 12 U.S.C. § 2614 and any other relief this COURT deems necessary and proper.

FIFTH CAUSE OF ACTION RESCISSION PURSUANT TO TILA VIOLATION

COMES NOW, the PLAINTIFF STUESSY and for his fifth cause of action for RESCISSION pursuant to TILA VIOLATIONS 15 U.S.C. § 1639g Reg. Z, 12 C.F.R. § 1026.36(c)(3) 15 U.S.C. § 1640(a).

68. THE PLAINTIFF STUESSY adopts and reincorporates the allegations set forth in paragraphs one through sixty-eight herein.

69.  That the January 23, 2018 QWR contained a Request for a Timely Payoff Statement.

70. That MIDLAND MORTGAGE and MIDFIRST BANK wholly failed to respond to the request for or provide a Timely Payoff Statement.

71. That MIDLAND MORTGAGE and MIDFIRST BANK had a Duty to Provide Timely Payoff Statement 15 U.S.C. § 1639g Reg. Z, 12 C.F.R. § 1026.36(c)(3) 15 U.S.C. § 1640(a).

72.  That STUESSY was damaged as a result of MIDLAND MORTGAGE  and MIDFIRST BANK'S failure to provide a Timely Payoff Statement.

THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK

WHEREFORE, pursuant to TILA 15 U.S.C. § 1640(e) STUESSY is entitled to Rescission and is able to perform and repay the note and rescind the Mortgage and Note thereunder. In addition the

Plaintiff STUESSY is entitled to and seeks actual damages, plus twice finance charge, costs and

attorney's fees.


Respectfully Submitted,




_____
Ronald C. Kaufman Esq.
OBA# 17657
33707 Cyclone Lane
Wagoner, OK 74467
(918) 900-8711
713RCK@gmail.com


                                    VERIFICATION
State Of Oklahoma                )
                                 )ss
County of Tulsa                  )


       Thomas L. Stuessy, of lawful age and being first duly sworn, states that he has read the
foregoing VERIFIED PETITION FOR RESPA AND TILA VIOLATIONS, that he is familiar
with the contents thereof, and that the allegations set forth therein are true and correct.


                                          /s/   **THOMAS STUESSY**
                                         Thomas L. Stuessy


       Subscriber and sworn before me on this 12th day of November 2018;


                                         _____
                                         NOTARY PUBLIC